## Stephen Cook *versus* William Hull.

The owner of land bordering on a stream has no right to divert the water for the pur-
poses of irrigation, and thereby diminish the quantity which has been accus-
tomed to flow to a mill of forty years' standing, so as to impede its operation.

CASE for diverting water from the plaintiff's mill.    Trial
before *Putnam* J. upon the general issue.

It appeared that the plaintiff's mill is about two miles below
a mill seat owned by the defendant, and upon the same stream.
The plaintiff's mill was originally occupied for a grist-mill.
That was taken away about ten years ago, and a woollen man-
ufactory has been built in its place.    The plaintiff's water-
course and mill seat had been used, by him and his ancestors,
for more than forty years next before the diversion for which
the action was brought.    The defendant owned an ancient
malt mill and dam.    There were two outlets for the water
from this dam, one of which, on the westerly side, suffered the
water to pass into an ancient channel, about twenty rods in
length, and after irrigating a small tract of ground belonging to
the defendant, to unite with the stream running to the plaintiff's
mill.    The plaintiff complained of a diversion of the water by
reason of a new channel which the defendant cut in 1817, from
three to five feet in width, leading from the ancient one and
passing through a hill of sand, which was excavated to make a
passage for it, and thence extending round the margin of a
large tract of plain land belonging to the defendant, from which
new channel the defendant cut small ditches into and across the
plain land for the purpose of irrigation.    The land was so
porous that the water would not reach the end of the ditches,
but would be absorbed.    When the gate leading from the
ancient channel into the new one was kept shut, there was
water enough at the plaintiff's mill ; but when it was open,
the water failed, so that the machinery could not be made to
work

The counsel for the defendant contended that he had a right
to conduct the water from his ancient channel, and use it in
the manner before stated ; but the judge was of a different
opinion, and so instructed the jury.    He stated to them that

the peaceable and exclusive use of the water-course under a claim of right, for more than twenty years, unexplained, was conclusive evidence of a right in the party so enjoying it; and that the defendant turned the water into the new channel after the plaintiff's right had been long established to have all the water, except what the defendant had appropriated to his own use before the cutting of the new channel.

The jury found a verdict for the plaintiff, and the defendant moved for a new trial on the ground of a misdirection.

*Stearns* and *T. Bigelow*, for the defendant, cited *Weston* v. *Alden*, 8 Mass. R. 136 ; 3 Dane's Abr. 16 ; *Thurston* v. *Hancock*, 12 Mass. R. 220.

*Hoar*, contrà, cited *Colburn* v. *Richards*, 13 Mass. R. 420 ; *Brown* v. *Best*, 1 Wils. 175 ; *Bealey* v. *Shaw*, 6 East, 208.

The opinion of the Court was read as drawn up by

PARKER C. J. There can be no doubt that the verdict is right in principle. The plaintiff had enjoyed the use of water for the purpose of driving his mill, for more than forty years. The defendant had enjoyed the use of the same stream after it left his own mill, situated above the plaintiff's mill, for the purpose of irrigating his lands ; but in 1817, to increase the privilege for the benefit of his lands, he took the water from its usual channel by means of a ditch, which conveyed it so far through his lands as by absorption and evaporation to diminish the quantity, which before that time came to the plaintiff's mill, so materially as to injure and stop his works. The right to do this is claimed by the defendant as resulting from the decision of this Court in the case of *Weston* v. *Alden*. There is a material difference between that case and the one before us. The plaintiff Weston had not erected any mill ; the injury complained of was only that less water came through his land than used to flow before the defendant made his sluices, and the damage complained of was only the natural consequence of the lawful use of the water by the defendant. It did not appear that the plaintiff or those before him in the estate, had erected any works of art upon the stream, or had appropriated the water running through his land by any artificial means. Whereas in the case before us the plaintiff, and those

Cook
*v*
Hull.

Oct. 12th.

271

April term
1826.

25*

## MIDDLESEX.

whose estate he holds, had erected and maintained mills at great expense, and they could be profitably used only by enjoying the customary flow of water, and this use had been acquiesced in by the defendant, and those who preceded him in his estate, for more than forty years.[1]

The plaintiff's counsel in this case seemed to admit, .hat if the case of *Weston* v. *Alden* is law, they had no right of action, and relied upon the case of *Colburn* v. *Richards* as having overruled it ; but we do not consider this latter case in that light. The circumstances were materially different, particularly in this, that in the case of *Colburn* v. *Richards,* the defendant, who was sued for removing the dam, had a grist-mill which had stood fifty years, the working of which was impeded by the measures taken to irrigate his land. The two cases may well stand together, and the latter of the two governs the case now before us

*Judgment according to the verdict.*[1]

---

[1] See 3 Kent's Comm. (2d ed.) 441 to 454; *Tyler* v. *Wilkinson*, 4 Mason, 397; *Haight* v. *Morris Aqueduct*, 4 Wash. C. C. R. 601; *Cooper* v. *Smith*, 9 Serg. & Rawle, 26 ; *Butz* v. *Ihrie*, 1 Rawle, 218; *Hepburn* v. *M'Dowell*, 17 Serg & Rawle, 383; *Smith* v. *Smith*, 4 Halsted, 140; *Ingraham* v. *Hutchinson*, 2 Connect. R. 584; *Gleason* v. *Gary*, 4 Connect. R. 418; *Manning* v. *Smith*, 6 Connect. R. 289; *Sherwood* v. *Burr*, 4 Day, 244; *Reid* v. *Gifford*, 1 Hopkins's Ch. R. 416; *Stiles* v. *Hooker*, 7 Cowen, 266; *Mitchell* v. *Walker*, 2 Aiken, 266; *Russell* v. *Scott*, 9 Cowen, 279; Matthews on Presumptions, *ch.* 16, § 10; *Ricard* v. *Williams*, 7 Wheat. 59; *King* v. *Tiffany*, 9 Connect. R. 162; *Twiss* v. *Baldwin*, 9 Connect. R. 291; *Mason* v. *Hill*, 2 Neville & Man. 747; *S. C.* 5 Barn. & Adol. 1; *Canham* v. *Fiske*, 2 Crompt. & Jerv. 126; *S. C.* 2 Tyrwh. 155. Whether aquatic rights are acquired by mere prior occupancy not continued for twenty years, *quære*. *Blanchard* v. *Baker*, 8 Greenl. 253. See also *King* v. *Tiffany, ubi supra, Platt* v. *Johnson*, 15 Johns. R. 213; *Merritt* v. *Brinkerhoff*, 17 Johns. R. 306; *Ingraham* v. *Hutchinson, ubi supra.*

[1] See *Runnels* v. *Bullen*, 2 N. Hamp. R. 532; *Tyler* v. *Wilkinson*, 4 Mason, 397; *Thompson* v. *Crocker*, 9 Pick. 59; *Blanchard* v. *Baker*, 8 Greenl. 253; *Merritt* v. *Brinkerhoff*, 17 Johns. R. 306; *Van Bergen* v. *Van Bergen*, 3 Johns. Ch. R. 282; *Beissell* v. *Sholl*, 4 Dallas, 211; *Palmer* v. *Mulligan*, 3 Caines's R. 307; *Merritt* v. *Parker*, 1 Coxe's (New Jers.) R. 460; *Coalter* v. *Hunter*, ᵃ Randolph, 58; *Hutchinson* v. *Coleman*, 5 Halsted, 74; *Barron* v. *Baltimore*, 2 Amer. Jurist, 203; *Hammond* v *Fuller*, 1 Paige, 197; *Cooper* v. *Williams*, 4 Ohio R. 286; *Cooper* v. *Hall*, 5 Ohio R. 322; *Haynes* v. *Gault*, 1 M'Cord, 543; *Williams* v. *Gale*, 3 Harr. & Johns. 231; *Strickler* v. *Todd*, 10 Serg. & Rawle, 63; *Williams* v. *Morland*, 2 Barn. & Cressw. 910; *S. C.* 4 Dowl. & Ryl. 583;

---

*Wright* v. *Howard*, 1 Sim. & Stu. 190; *Mason* v. *Hill*, 3 Barn. & Adol. 304; *S. C.* 2 Neville & Man. 747; *S. C.* 5 Barn. & Adol. 1.

In an action of the case for diverting a water-course, if the unlawful diversion be proved, the plaintiff is entitled to recover without proof of actual damage. *Blanchard* v. *Baker*, *ubi supra*. But see *Thompson* v. *Crocker*, and *Cooper* v. *Hall*, *ubi supra; Harrison* v. *Sterret*, 4 Harr. & M'Hen. 540.