Henderson, Chief Justice
 

 -The case of
 
 Rayner
 
 v.
 
 Dowdy,
 
 or the reasoning upon which it is founded, stands directly in the way of a correct decision in this case. That case was argued on one side only, and was not well considered.
 

 The
 
 sole and'exclusive
 
 right of transporting persons over water courses
 
 for tolls
 
 (by which is meant price,
 
 independent of
 
 contract) resides in no individual j it belongs to the sovereign- But the
 
 right
 
 of transporting persons over water courses
 
 may
 
 belong to an individual, and he may by contract express or implied, receive hire for so doing* it is the
 
 exclusive right
 
 which makes the franchise. Where the sovereign, as owner of the land, possesses the power of transporting persons, his grant in such cases will communicate the whole franchise. Where the sovereign is not the, owner of the land, his grant communicates only the
 
 exclusive right;
 
 for a sovereign
 
 cannot grant
 
 that which he
 
 has
 
 not, more than any indi
 
 *405
 
 vidual. If I am owner of the land at the place of landing on both sides of a river, and the sovereign grants this right to another, it is granting that which is in me, and the grant is void. If a ferry lie necessary at that place for the public good, the land may be taken by the sovereign for that
 
 purpose;
 
 but it must be taken in the manner prescribed by law, by which I am compensated for my loss. What interest in the laud passes to the sovereign by establishing over it a public highway ? The right of passing only, and of taking the necessary materials (adjoining or convenient) for repair. The residue of the dominion or property remains in the former proprietor.
 
 It remains his freehold still.
 
 For the uses and purposes of the highway, it is "the sovereign’s 5 for all others it is the former proprietor’s. The right of using it as a landing place for a ferry has never been taken from him 5 and altlio’ there is scarcely a perceptible difference, between stepping/ma
 
 a boat
 
 on the land laid out as a public road, and stepping from land to land, yet that has never been taken from the former proprietor for such purposes, as he has never been compensated for the right of transporting persons across the water course, as that was not considered «lien She price of taking the land for a highway was fixed $ arid altho’ it is but of little value without the franchise, yet his ownership of the land gives him.
 
 the preferable right
 
 to call for the franchise, when a ferry becomes necessary. This right is valuable, for unless there are good reasons to the contrary, the sovereign
 
 must grant it to the owner;
 
 as sovereigns are bound to be just. Á grant to another' without good reasons is void, as an act of injustice, it cannot therefore be arbitrarily and capriciously granted to another. And when it is so done without hearing the owner, by which is meant without giving him an opportunity of being heard, it is
 
 prima facie
 
 an act of injustice, and the grant is void. If it is asked what is to be done, if the owner of land, where a ferry is necessary,
 
 *406
 
 refuses to receive the franchise, it is answered, pay him for his land and grant it to another. The law has prescribed a method, whereby land wanted for public pur-p0SCS may {,e taken from an individual. But then the owner is always compensated for
 
 -what is taken from him.
 
 Let it not be (aken, as it were, surreptitiously $ taken for one purpose and used for another; taken for a road and used for a ferry. The owner is to be considered as refusing to call for the franchise, when he omits to perform what is required by law of those appointed (in the language of our law) ferry-keepers. If, when appointed, tie does not perform the duties of a ferry-keeper, he is liable to ail the penalties of those who abuse a franchise, to be inflicted by indictment,
 
 quo warranto,
 
 or other means prescribed by law. But it is not to be expected, that the owner of the land will not call for the franchise. Men generally pursue their own interest, and if the owner cannot, by reason of poverty or other cause, use it' himself, he can hire it to others. But we are not to act upon such suppositions. When they occur, the law has provided a remedy for them.
 

 I have considered this case, as if the landing on the northern side of the river was a public road. But it is the property of the heirs of
 
 Thomas
 
 Wynns, of which the .Plaintiff is one. We are satisfied, notwithstanding the decision in
 
 Eayner
 
 v.
 
 Dowdy,
 
 that the Court cannot grant the franchise to any but the owners of the land, at least until the owners shall be in default. Nor had the Defendants, as apart of the heirs of
 
 Thos. Wynns,
 
 a right to call for the franchise to themselves in exclusion of the others, as the lands descended to
 
 all
 
 the heirs.
 

 We are of opinion also, that in this case, the long
 
 user is
 
 sufficient to raise the presumption of a grant j but this it is unnecessary to consider,
 

 The Judge below felt bound by the decision of
 
 Rayner
 
 v.
 
 Dowdy.
 
 I think from his bottoming his judgment
 
 *407
 
 entirely on that case, he would have decided differently, if he conceived himself free to act,
 

 Per Curiam. — Let the judgment of the Court below be reversed, and judgment entered for the Plaintiff.